

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 29, 1959

Honorable J. E. Fitzgibbon
County Attorney
Webb County
Laredo, Texas

Opinion No. WW-610

Re: Is the Commissioners'
Court compelled to
pay $2,900.00, or
can the Court exer-
cise discretion and
pay nothing, or any
amount not to exceed
$2,900.00, under
Section 2A of Senate
Bill 78, Acts of the
52nd Legislature,
Regular Session, 1951,
Chapter 303, Page 485
(Codified as Article
6819a-3, Vernon's
Civil Statutes.)

Dear Mr. Fitzgibbon:

You have requested an opinion on the following
question: Is the Commissioners' Court compelled
under Section 2A of Senate Bill 78, Acts of the
52nd Legislature, Regular Session, 1951, Chapter
303, Page 485 (Codified as Article 6819a-3, Vernon's
Civil Statutes) to pay either $2,900.00, or nothing,
or can the Court exercise discretion and pay an
amount not to exceed $2,900.00.

The caption, said Section 2A, and Section 4,
being the emergency clause, of said Act read as
follows:

"An Act to amend House Bill No. 805, Acts of
the Regular Session of the 49th Legislature
providing for additional compensation of
Judges of District Courts and Criminal Dis-
trict Courts in counties having a population
of not less than one hundred fifty-nine

thousand (159,000) nor more than six hundred
thousand (600,000) inhabitants, according to
the last preceding or any future Federal
Census and certain counties bordering on the
International Boundary between Mexico and
the United States; providing the manner of
payment thereof; providing that Article
5139, Revised Civil Statutes of Texas of
1925, as amended, and Article 5142a, Revised
Civil Statutes as amended by Chapter 27,
Acts of 51st Legislature, 1949, and Article
5142b, Revised Civil Statutes as amended by
Chapters 66 and 339, Acts of 51st Legislature,
1949, shall not be repealed; prohibiting,
however, the payment of any salaries to
District Judges under those said Articles
for any month wherein salaries provided by
this Act are paid, providing that if any
portion of this Act is unconstitutional, it
shall not affect the remainder hereof; and
declaring an emergency.

"Sec. 2A.  That in all counties in this State
bordering on the international boundary be-
tween Mexico and the United States and
having a population of not less than fifty-
five thousand (55,000) inhabitants according
to the last preceding Federal Census, the
Judge or Judges of the several District
Courts and Criminal District Courts, as the
case may be, may each receive annually, pay-
able in monthly installments, the sum of
Two Thousand Nine Hundred ($2,900.00) Dollars
to be paid by the county having such popula-
tion, out of the general fund thereof, as
compensation for all judicial and administra-
tive services, including those as members of
the Juvenile Board of said counties, now
rendered, and any additional judicial admin-
istrative services hereafter to be assigned
to it or them, as the case may be, in addi-
tion to all salary paid or hereafter to be
paid by the State of Texas out of the State
revenues.

"Sec. 4.  The fact that Judges of the District
Courts and Criminal District Courts in coun-
ties having a population of not less than one

hundred fifty-nine thousand (159,000) nor more than six hundred thousand (600,000) inhabitants and certain <u>counties bordering on the International Boundary between Mexico and the United States have heavy judicial duties and have numerous administrative duties for which they should be compensated</u>, creates an <u>emergency and an imperative public necessity</u> that the Constitutional Rule <u>requiring bills</u> to be read on three several days in each House be suspended; and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted." (Emphasis added)

Your question is prompted by the use of the word "may" in Section 2A.

<u>Hess and Skinner Engineering Co. vs Turney et al</u>, 203 S.W.593,594 (Tex.Sup.) states:

"The intent of a law is the essence of the law, and it is to be gained from the entire context. The words 'may' and 'shall' are not infrequently used interchangeably in legislative acts. They are to be given that meaning which will best express the legislative intent."

<u>Smissen vs State</u>, 9 S.W.112,118 (Tex.Sup.) states:

"The word 'may' in the connection used in the sixteenth section was doubtlessly used in the sense of 'shall' and therefore was mandatory. Such is the settled construction when the subject-matter is one in which the public have an interest to be protected or promoted by the exercise of a power, or performance of a prescribed duty, by a public officer, unless the context shows that the word was used in its primary signification."

When there be doubt as to the intent of a provision of an act, the entire act, including the caption and any emergency clause, are to be considered.

We conclude from the caption and emergency clause and Section 2A of said act, which we have set out in full above, that the legislature intended a peremptory finding of fact and decision that said judges "have heavy judicial duties and have numerous administrative duties for which they should be compensated," creating "an imperative public necessity," and intended an act "providing for additional compensation of judges" and "providing the manner of payment thereof," and enabling such judges to receive such additional compensation, and fixing the amount thereof, and authorizing and requiring same "to be paid by the county having such population out of the general fund thereof," and to be "payable in monthly installments," and that it was not the intent of this act to vest any discretion in the Commissioners' Court.

Another similar act passed by the same legislature is House Bill 395, Acts of the 52nd Legislature, Regular Session, 1951, Chapter 252, Page 394 (Codified as Article 6819a-7, Vernon's Civil Statutes). It contains in its caption "an act providing for the fixing of compensation of judges" and "establishing a limitation of the amount of such compensation." It contains in its emergency clause "the fact that judges of the district courts ---- have numerous judicial duties and numerous administrative duties for which compensation is not now received, creates an emergency----."

Section 1 of said Act provides in part "----district judges may receive annually payable in monthly installments, a salary to be fixed by the Commissioners' Court, of each county, to be paid by said county out of the general fund thereof----."

We conclude that, if the 52nd Legislature had intended that Section 2A of its S. B. 78 provide for the Commissioners' Court to exercise discretion, that instead of its merely stating "$2,900.00, to be paid by the county," the Legislature would have stated "a salary to be fixed by the Commissioners' Court of the county, to be paid by said county," as it did in H. B. 395, or similar words, and that the caption and emergency clause of said S. B. 78 would have contained statements similar to those quoted from the caption and emergency clause of its H. B. 395.

It is our opinion that the Act requires the county to pay said $2,900.00 annually in monthly installments, and that it does not empower or authorize the Commissioners' Court to exercise its discretion and pay a lesser amount or nothing.

Accordingly, the answer to your question should be that the Commissioners' Court is compelled under Section 2A of said S. B. 78 to pay $2,900.00 annually, and such Court cannot exercise discretion and pay a lesser amount or nothing.

## SUMMARY

Section 2A of Chapter 303, page 485, Acts of the 52nd Legislature, Regular Session, 1951, (Article 6819a-3, V.A.C.S.), reading in part: "----(District) Judges----may each receive annually, payable in monthly installments, $2,900.00 to be paid by the county having such population, out of the general fund thereof----," does not merely permit such county to make such payments, or to pay less, or to pay nothing, as its Commissioners' Court may in its discretion determine, but said provision both authorizes and requires such county to make such payments.

Very truly yours

WILL WILSON
Attorney General of Texas

By _Wm. R. Hemphill_
William R. Hemphill
Assistant

WRH:jlw

Hon. J. E. Fitzgibbon, page 6 (WW-610)


APPROVED:

OPINION COMMITTEE
George P. Blackburn, Chairman

Milton Richardson

L. P. Lollar

Leonard Passmore

Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert